**FILED**
**Jan 25, 2019**
**10:31 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| JACK T. HUFFAKER,<br>　　　　Employee, | ) | Docket No. 2017-03-1196 |
| v. | ) | |
| CAC OF KNOX COUNTY,<br>　　　　Employer, | ) | State File No. 13120-2016 |
| And<br>TENNESSEE MUNICIPAL LEAGUE<br>RISK MANAGEMENT–THE POOL,<br>　　　　Carrier. | )<br>)<br>) | Judge Lisa A. Lowe |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (DECISION ON THE RECORD)

---

This matter initially came before the Court for an Expedited Hearing on August 14, 2018. Following that hearing, the Court found Mr. Huffaker established entitlement to medical evaluations of his knee and back, which CAC provided.

On November 28, Mr. Huffaker filed a motion seeking MRIs of his neck, shoulders, elbows, arms, and left leg and a second opinion on his ankle. The Court considered the motion as a request for expedited hearing on the record and issued a docketing notice. The parties agreed on a January 18, 2019 deadline for submission of information, objections to items listed in the docketing notice, and position statements. Both parties submitted position statements.

The legal issue is whether Mr. Huffaker is likely to establish at a hearing on the merits his entitlement to the requested MRIs and second opinion for his ankle. For the following reasons, the Court holds he did not come forward with sufficient evidence to meet his burden and denies the requested relief.

## History of Claim

Mr. Huffaker's work injury occurred when he fell while exiting his bus. After some initial treatment, orthopedist Dr. William R. Fly provided conservative treatment including a boot walker and physical therapy from February to June 2016. Due to Mr. Huffaker's persistent left-ankle swelling, Dr. Fly referred him to fellow orthopedist and foot specialist Dr. Mary Testerman. Dr. Testerman treated him from June to November 2016 with medications and physical therapy then released him with permanent restrictions and an impairment rating.

Following the first Expedited Hearing, the Court held that Mr. Huffaker presented sufficient evidence entitling him to a panel of physicians for evaluation and treatment of any work-related back or knee injury but not evaluations of his elbows or shoulders. As a result of that order, CAC provided two panels of orthopedic physicians, and Mr. Huffaker selected Dr. Michael Casey for evaluation of his knee and Dr. Colin Booth for his back.

Dr. Casey evaluated Mr. Huffaker and noted:

I do not feel that over two years later that this is truly an event from his fall. My diagnosis today is more patellofemoral pain with some early patellofemoral wear. I see no other evidence of internal derangement. I do not feel that this is directly related to his workers' compensation injury back in February 2016.

Dr. Booth evaluated Mr. Huffaker and wrote "the patient's issues are due to degenerative disc disease, which is long standing. His injury may have aggravated these symptoms but at two years out, I cannot say his current symptoms are due to any work injury."

Having received the above opinions, Mr. Huffaker requested MRIs of his neck, shoulders, elbows, arms, and left leg. Additionally, he was not satisfied with the ankle treatment received from Drs. Fly and Testerman and requested a second opinion under Tennessee Code Annotated section 50-6-204(3)(C) (2018).

CAC argued it provided Mr. Huffaker medical treatment related to his work injury and he is not entitled to a second opinion of his ankle injury. Further, neither Dr. Casey nor Dr. Booth related Mr. Huffaker's current complaints to the work injury, and no treating physician recommended the requested MRIs. Finally, CAC argued Mr. Huffaker's request for additional treatment should be denied because he offered no medical proof establishing a connection between his current need for treatment and the work injury.

## Findings of Fact and Conclusions of Law

Mr. Huffaker need not prove every element by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence showing he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Huffaker must establish that the injury arose primarily out of and in the course and scope of employment. To establish that the injury arose primarily out of the employment, he must show "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." The term "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." *See* Tenn. Code Ann. §50-6-102(14)(C)-(D). Thus, causation must be established by expert medical testimony.

First, Mr. Huffaker seeks MRIs, which no physician recommended, for multiple body parts. Although the Court is aware of Mr. Huffaker's sincerely held belief that his current conditions and need for treatment arose primarily out of his work injury, his lay opinion alone is legally insufficient to establish the essential element of medical causation. Thus, the Court holds Mr. Huffaker failed to establish he is likely to prevail at a hearing on the merits that he is entitled to the requested MRIs.

Second, Mr. Huffaker seeks a second opinion for his ankle under Tennessee Code Annotated section 50-6-204(3)(C), which affords an employee a second opinion on the issue of surgery and diagnosis. *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *19-21 (Dec. 29, 2016). None of the treating physicians recommended surgery. Therefore, the Court holds Mr. Huffaker failed to establish he is likely to prevail at a hearing on the merits that he is entitled to a second opinion.

**IT IS, THEREFORE, ORDERED** as follows:

1. CAC is not obligated to provide the requested MRIs or a second opinion on his ankle injury. However, Mr. Huffaker may return to Dr. Testerman for ongoing reasonable, necessary, and related medical treatment for his work-related left ankle injury.

2. This matter is set for a **Status Hearing/Scheduling Conference** on **March 28, 2019, at 2:30 p.m. Eastern Time**. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Status Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

3

**ENTERED on January 25, 2019.**

LISA A. LOWE, JUDGE
Court of Workers' Compensation Claims

## APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion for Extension of Time
4. Order Granting Motion for Extension of Time
5. Order Granting Employee's Second Motion for Extension of Time
6. Request for Expedited Hearing
7. Expedited Hearing Order Granting Medical Benefits
8. Motion for Further Diagnostic Testing with photographs
9. Employer's Response and Memorandum in Opposition to Employee's Motion for Further Diagnostic Testing
10. Mr. Huffaker's position statement (email dated January 13, 2019)

Exhibits:

1. Affidavit of Jack T. Huffaker
2. Hand-written Statement of Jack T. Huffaker
3. First Report of Work Injury
4. MRI of Outpatient Diagnostic Center at Knoxville, dated March 7, 2016
5. Panel of Physicians, Form C-42, Selection Date of February 19, 2016
6. Medical Report of Dr. M. Chris Testerman, dated November 8, 2016
7. Medical Records of Knoxville Orthopedic Clinic
8. Photographs of Lower Extremities
9. Text Message to Susan Dowling, dated August 29, 2016
10. Email of Kellie Earls, dated October 12, 2016
11. Affidavit of Kellie Earls
12. Executed Panel of Physicians for Back Injury
13. Executed Panel of Physicians for Knee Injury
14. August 30, 2018 letter from The Poole to Mr. Huffaker
15. September 26, 2018 Medical Record of Dr. Michael Casey and causation response
16. October 3, 2018 Medical Record of Dr. Colin Booth

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on January 25, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jack T. Huffaker, Self-Represented Employee | X | | X | Jack T. Huffaker 516 Kay Drive Strawberry Plains, TN 37871 debandjack@comcast.net |
| Hanson R. Tipton, Employer's Attorney | | | X | htripton@watsonroach.com |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____     (FMV) _____

Other                 $ _____     Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*